# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:18-cv-01307-AKK** |
| | ) | |
| **TOWN OF MORRIS, ALABAMA** | ) | |
| **and MAYOR JOE PYLANT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Terry Williams filed this action in the Circuit Court of Jefferson County, Alabama against the Town of Morris, Alabama and its mayor, Joe Pylant, alleging the defendants violated his due process rights by terminating his employment without notice or a hearing. Doc. 1-1. The defendants removed the action to this court under 28 U.S.C. §§ 1343, 1441, and 1443, doc. 1, and have moved to dismiss for failure to state a claim, doc. 2. For the reasons explained below, the motion is due to be granted solely as to the claims against Mayor Pylant.

## I.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  When considering a motion to dismiss under Rule 12(b)(6), the court accepts "the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Hunt v. Aimco Props., L.P.* 814 F.3d 1213, 1221 (11th Cir. 2016).

## II.    FACTUAL BACKGROUND

Taking Williams' allegations as true, Williams worked as a police officer for the Town of Morris for approximately four years and "attained permanent status" during his tenure.  Doc. 1-1 at ¶ 4.  This lawsuit stems from his discharge.  The

town initially placed Williams on administrative leave without pay. *Id.* at ¶ 5. The Chief of Police, Mike Nazarchyk, did not tell Williams the reasons for the decision, and the town never gave Williams written notice of the charges against him. *Id.* Additionally, the town did not hold a pre-disciplinary hearing before placing Williams on leave. *Id.* Three days after placing Williams on leave, Chief Nazarchyk sent Williams a one-sentence letter stating, "[t]he Governing body of the Town of Morris has decided that as of this date your services as [a] Police Officer for the Town of Morris are no longer required." *Id.* at ¶ 7. The defendants did not inform Williams of his right to appeal or to a hearing. *Id.*

After his termination, Williams asked Chief Nazarchyk, Mayor Pylant, and the town's attorney for a copy of the applicable personnel rules regarding termination of a police officer. *Id.* at ¶¶ 8 and 9. Instead of providing Williams the requested rules, Chief Nazarchyk informed Williams that he had fifteen days to appeal his termination. *Id.* However, the Chief did not give Williams any information about the procedure. *Id.* Moreover, although Williams sent a notice of appeal to Mayor Pylant, no one responded. *Id.* at ¶ 10.

## III. ANALYSIS

Williams asserts claims against the Town of Morris and Mayor Pylant in his official capacity for alleged violations of Williams' due process rights. However, Williams concedes that his claims against Mayor Pylant are duplicative of his

claims against the town. *See* doc. 4 at 8; *McMillian v. Monroe County*, 520 U.S. 781, 785 n.2 (1997); *Morrow v. Caldwell*, 153 So. 3d 764, 771 (Ala. 2014). Therefore, the claims against Mayor Pylant are due to be dismissed.

A.     Section 1983 Claim—Count  Two

Williams asserts a claim against the town under 42 U.S.C. § 1983 for alleged violations of his right to due process. Doc. 1-1 at ¶¶ 17-18.  In his opposition to the motion to dismiss, Williams clarifies that his claim is based on violations of his procedural due process rights under the Fourteenth Amendment.  Doc. 4 at 1.[1] Such a claim requires that Williams allege "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citation omitted).  The first two requirements are not in dispute, as Williams alleged a deprivation of a constitutionally-protected property interest by state action through his contention that he had permanent employment status and that the town summarily discharged him without notice or a hearing.  *See* doc. 1-1 at ¶¶ 4, 7, and 17; *see also McKinney*, 20 F.3d at 1560 (noting that an employee with

_____

[1] While Williams may be entitled to the protection of procedural due process under the Fourteenth Amendment, his allegations regarding his termination do not implicate any substantive due process rights. *See McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) *(en banc)* ("Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection.").  However, this fact does not mean, as the town contends, that Williams has not alleged a violation of a right protected by Federal or Constitutional law, *see* doc. 2 at 6.  To the contrary, Williams alleges that the town violated his due process rights, doc. 1-1 at ¶ 17, which is sufficient to plead a Fourteenth Amendment Due Process Clause claim.

tenure, or permanent status, "had a property right in continued employment and therefore was entitled to the protection of procedural due process") (citation and emphasis in original omitted). Thus, the only issue of contention is whether the failure to provide notice or a hearing is sufficient to show a constitutionally-inadequate process.

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 and 546 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). In light of that principle, "the Supreme Court has explained that a 'tenured employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story' before a state or state agency may terminate an employee. [] In other words, the employee is entitled to 'some kind' of pre-termination hearing." *McKinney* 20 F.3d at 1561 (quoting *Loudermill*, 470 U.S. at 542 and 546).

In this case, the town failed to give Williams notice of the charges against him and deprived him of his right to respond. Doc. 1-1 at ¶¶ 5, 13. Despite this fact, the town, citing *Cotton v. Jackson*, 216 F.3d 1328 (11th Cir. 2000), argues that Williams has not alleged a violation of his procedural due process rights because he failed to first pursue state remedies. This case is distinguishable from

*Cotton*, however, because the plaintiff in *Cotton* received notice of the charges against him and a chance to respond before his termination. *See Cotton*, 216 F.3d at 1329; *see also McKinney*, 20 F.3d at 1561-62 (noting that McKinney received written notice of the charges against him and a hearing).

Williams' allegations are more similar to those in *Fetner v. City of Roanoke*, 813 F.2d 1183 (11th Cir. 1987), a case in which the city discharged its police chief without providing written notice of the charges or a hearing. The chief sued under § 1983 for violations of his right to procedural due process. 813 F.2d at 1183-84. The district court granted the city's motion for summary judgment, finding, among other things, "adequate due process was provided by the post-deprivation remedies available through state personnel proceedings and a state law suit . . . ." *Id.* at 1185. The Eleventh Circuit reversed, finding that "[p]ost-deprivation remedies do not provide due process if pre-deprivation remedies are practicable," *id.* at 1186 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982)), and that a public employee may state "a valid procedural due process claim when he alleges that the defendants failed to give him written notice or a hearing before firing him," *id.*

Based on *Fetner*, Williams' allegations that the town discharged him without providing notice of the charges or a pre-termination hearing are sufficient to state a

plausible § 1983 claim for violation of his procedural due process rights. Therefore, the motion to dismiss the § 1983 claim is due to be denied.

B.     The State Law Claim—Count One

The town argues also that it is entitled to municipal immunity, doc. 2 at 5-6, for Williams' claim for alleged violations of his due process rights under Alabama state law, doc. 1-1 at ¶¶ 15-16.  Under Alabama law, municipalities are generally immune from suit, but a municipality may be liable for the "neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality . . . ." Ala. Code (1975) § 11-47-190; *Ex parte City of Bessemer*, 142 So. 3d 543, 549-50 (Ala. 2013).  The town argues that this exception to municipal immunity does not apply because Williams' allegation that "'the governing body' of Morris decided that his services were not required' . . . is not an allegation that any agent, officer, or employee of the Town was neglectful, careless, or unskillful."  Doc. 2 at 5 (quoting Doc. 1-1 at ¶ 7).  While true in some respects, the town's argument ignores several material allegations in the Complaint.  Pertinent here, Williams alleges that Chief Nazarchyk did not provide him with notice of the charges against him or his right to appeal, the town's attorney told Williams that he was an at-will employee, and Mayor Pylant did not respond to Williams' appeal.  Doc. 1-1 at ¶¶ 5, 7-10.  Those allegations, construed in the light most favorable to Williams, are sufficient to plead a plausible claim that an employee or agent of the town was

neglectful, careless, or unskillful with respect to Williams' termination.  In light of the pleadings, the court finds that the town has not shown that it is entitled to municipal immunity at this juncture.

C.    Declaratory and Injunctive Relief Claim—Count Three

Finally, the town argues that Williams' claim for declaratory and injunctive relief based on the alleged violation of his due process rights is due to be dismissed because Williams did not state a plausible claim under § 1983 or Alabama law. Docs. 1-1 at ¶ 19; 2 at 7; 5 at 6.  In light of the court's rejection of the town's arguments, *see* pp. 4-8, *supra*, the motion to dismiss this claim also fails.

## IV.    CONCLUSION AND ORDER

For these reasons, the defendants' Motion to Dismiss, doc. 2, is **GRANTED** solely as to the official capacity claims against Mayor Pylant, and those claims are **DISMISSED WITH PREJUDICE**.  The motion is **DENIED** as to the claims against the Town of Morris, and the town's answer is due by November 12, 2018.

**DONE** the 30th day of October, 2018.

_____
 **ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE